LAW OFFICES OF WILLIAM R. RAMSEY
WILLIAM R. RAMSEY, SBN 97838
26074 Avenue Hall, Suite 3
Valencia, CA 91355
Tel: (661) 287-9525
Fax: (661) 287-9203
Email: will@ramsey-law.com

Attorney for Plaintiff Cindy Hahn and Janell Henderson
Attorney In Pro Se for William R. Ramsey

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CINDY M. HAHN, JANELL R. HENDERSON, and WILLIAM R. RAMSEY,<br><br>                Plaintiffs,<br>vs.<br><br>ROLAND P. ROTHMAN and PAULA LINDHOUT,<br><br>                Defendants | Case No. CV09-0249 ODW(FFMx)<br><br>STIPULATION OF DISMISSAL [F.R.C.P. 41(A)(1)]<br><br>Judge: Hon. Otis D. Wright<br><br>Date: N/A<br>Time: N/A<br>Place: Courtroom 11<br><br>Pretrial Conf. Date: Dec. 27, 2010<br>Trial Date: Dec. 28, 2010 |

1.

STIPULATION OF DISMISSAL PURSUANT TO F.R.C.P. 41(A)(1)

IT IS HEREBY STIPULATED by and between all parties to this action that the above-captioned action be and hereby is dismissed with prejudice against all parties pursuant to F.R.C.P. 41(a)(1), in accordance with the terms set forth in the Settlement Agreement and General Release attached hereto as Exhibit 1. All parties to bear their own costs and fees, including attorney's fees.

Dated: December 13, 2010    By _____
                                Plaintiff William R. Ramsey, In Pro Se

Dated: December 13, 2010    By _____
                                Plaintiff Cindy M. Hahn

Dated: December 13, 2010    By _____
                                Plaintiff Janell Henderson

Dated: December 13, 2010    By _____
                                Defendant Roland P. Rothman

Dated: December 13, 2010    By _____
                                Defendant Paula Lindhout, In Pro Se

Approved as to form and content:

Dated: December 13, 2010    TRABER & VOORHEES

                            By _____
                                Theresa M. Traber
                                Attorneys for Defendant Roland P. Rothman

Dated: December 13, 2010    LAW OFFICES OF WILLIAM R. RAMSEY

                            By _____
                                William R. Ramsey
                                Attorney for Plaintiffs Cindy Hahn and Janell Henderson

2.

STIPULATION OF DISMISSAL PURSUANT TO F.R.C.P. 41(A)(1)

**EXHIBIT 1**

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

## PARTIES

The parties to this Settlement Agreement and General Release (hereinafter referred to as "Agreement and Release") are William R. Ramsey, Cindy M. Hahn, and Janell Henderson (hereinafter collectively referred to as "Plaintiffs") and Roland P. Rothman and Paula Lindhout (hereinafter collectively referred to as "Defendants.") Plaintiffs and Defendants are hereinafter referred to individually and collectively as the "Parties." This Agreement and Release is binding upon and shall inure to the benefit of all Parties, their employees, former employees, agents, representatives, insurers, attorneys, accountants, advisors, heirs, assigns, and successors and predecessors in interest.

## RECITALS

1. This Agreement and Release is made with reference to the following facts:

    1.1 Certain disputes have arisen between the Parties hereto.

    1.2 Said disputes include, but are not limited to, the claims for relief, causes of action, demands, and prayers set forth by Plaintiffs in that certain civil action pending in the United States District Court, Central District of California, whose short title is *Hahn et al. v Rothman et al.* bearing case number CV 09-0249 ODW (FFMx). The Action included claims for damages, attorneys' fees, and injunctive relief which Plaintiffs made against Defendants, including claims brought pursuant to the Stored Communications Act ("SCA") (18 U.S.C. §2701 et seq.). The Action also included counterclaims for damages which Defendant Rothman made against Plaintiffs, including claims brought pursuant to the Racketeer Influenced Corrupt Organizations Act ("RICO") (18 U.S.C. §1962 et seq.), Civil Rights Act of 1866 and Civil

Rights Act of 1871, Title 42, 21 U.S.C. 21, §1983 (sic), Cal. Code of Civil Procedure §426.16(a) and (b), and for fraud, attorney malpractice, and breach of fiduciary duty.

1.3     Except as provided in paragraph 1.5 herein, it is the intention of the Parties hereto to settle and dispose of, fully and completely, any and all claims for relief, causes of action and demands heretofore or hereafter arising out of, connected with or incidental to the dealings between the Parties hereto through the effective date hereof including without limitation on the generality of the foregoing, any and all claims for relief, demands and causes of action set forth or that could have been set forth in the Action and any and all claims for relief, causes of action and demands that could be asserted against any Party, its agents, representatives or attorneys by reason of anything connected with the Action.

1.4     All Parties shall bear their own costs, expenses, and attorneys' fees and shall seek no such costs, expenses, or attorneys' fees against any other Party.

1.5     It is further understood and agreed between the Parties that nothing in this Agreement shall prohibit the right of any Party to file a complaint, continue to pursue a complaint already filed, or to cooperate in the investigation of a complaint filed or to be filed, with any federal, state, or local government agency against any other party or that party's current or former counsel, where to do so would be contrary to public policy as enunciated in any statute, administrative rule, or principle of common law, including but not limited to Cal. Rules of Professional Conduct, Rule 5-100 and Cal. Business and Professions Code §6090.5. All requests for injunctive relief in Paragraph 36 of the First Amended Complaint have been and are hereby withdrawn.

1.6     This Agreement and Release affects the settlement of claims which are denied and contested and nothing contained herein shall be construed as an admission by any

Party hereto of any liability of any kind to any other Party. Each of the Parties hereto denies any liability in connection with any claim and intends hereby solely to avoid the annoyance and expense of additional litigation.

## GENERAL RELEASE

2.  In consideration of the mutual general releases contained herein, and for other good and valuable consideration, the receipt of which is acknowledged by each Party hereto, the Parties promise, agree and generally release as follows:

2.1  Except as provided for in paragraph 1.5, each Party hereby releases the other Parties [ies], their employees, former employees, agents, representatives, insurers, attorneys, accountants, advisors, heirs, assigns, and successors and predecessors in interest, absolutely and forever from all manner of accounts, actions, suits, liens, debts, dues, damages, claims, causes of action, claims for relief, obligations, agreements, judgments, costs, contracts, promises, expenses, bonds, bills, trespasses and demands of every nature whatsoever in law, admiralty or equity, whether for bodily injury or property damage, whether known or unknown, whether suspected or unsuspected, which said Party ever had, now has or hereafter can, shall, or may have against any other Party based upon acts or omissions occurring or not occurring prior to the date of this Agreement and Release, including but not limited to those set forth, arising out of or related to the allegations made in the Action.

2.2  EXCEPT AS PROVIDED FOR IN PARAGRAPH 1.5, THE PARTIES SPECIFICALLY WAIVE THE BENEFIT OF THE PROVISIONS OF SECTION 1542 OF THE CIVIL CODE OF THE STATE OF CALIFORNIA AND SIMILAR LAWS OF ALL OTHER STATES, TERRITORIES OF THE UNITED STATES AND OTHER JURISDICTIONS. SECTION 1542 OF THE CALIFORNIA CIVIL CODE PROVIDES:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

## REPRESENTATIONS AND WARRANTIES

3.  Each of the Parties to this Agreement and Release represents and warrants to the other as follows:

3.1  The Parties expressly declare that each of them has been supplied with and has read a copy of this Agreement and Release prior to signing. The Parties further represent that they have each been given a reasonable opportunity to consult with an attorney of their choice regarding the meaning of each of the terms and conditions contained herein and fully understand the content and effect of this document. The Parties hereby approve and accept the terms and provisions of this Agreement and Release and agree to be bound by it.

3.2  No Party hereto (nor any officer, agent, partner, employee, representative or attorney for or of any Party) has made any statement or representation to any other Party, either oral or written, regarding any fact relied upon in entering into this Agreement and Release and each Party specifically states herein that it does not rely upon any statement, representation or promise of any other Party (or any officer, agent, partner, employee, representative or attorney for any other Party), in executing this Agreement and Release or making the settlement provided for herein.

3.3   Each Party to this Agreement and Release has made such investigation of the facts pertaining to this settlement and this Agreement and Release and of all matters pertaining thereto as it has independently deemed necessary and appropriate.

3.4   Each Party has read this Agreement and Release and understands the contents hereof.

3.5   Except as provided for in paragraph 1.5, in entering into this Agreement and Release and the settlement provided for herein, each Party assumes the risk of any misrepresentation, concealment or mistake of fact or law. Except as provided for in paragraph 1.5, if any Party should subsequently discover that any fact relied upon by it in entering into this Agreement and Release was untrue or that any fact was concealed from it or that its understanding of the facts or the law was incorrect, such Party shall not be entitled to relief in connection herewith and including, without limitation, on the generality of the foregoing, no Party shall have any right or claim to set aside or rescind this Agreement and Release. Except as provided for in paragraphs 1.5, this Agreement and Release is intended to be and is final and binding between the Parties hereto regardless of any claims of misrepresentation, concealment of fact, mistake of fact or law or any other circumstance whatsoever.

3.6   The Parties hereto hereby warrant and represent to each other that there has been no assignment, encumbrance, hypothecation or other complete or partial transfer of all or part of any interest in any claim, right, act, damage, demand, debt, liability, note, accounting, reckoning, obligation, cost, right of action, claim for relief or cause of action released herein and further warrant and represent to each other that they are legally authorized and entitled to settle and release every claim, right, act, damage, debt, demand, liability, note, accounting, reckoning, obligation, cost, right of action, claim for relief or cause of action referred to herein.

3.7 No difference, dispute or disagreement between the Parties to this Settlement Agreement and Release arising subsequent to the date hereof shall in any way affect the finality of this Settlement Agreement and Release.

3.8 Each term of this Agreement and Release is contractual and not merely a recital.

3.9 The Parties will execute all further and additional documents as shall be reasonable, convenient, necessary or desirable to carry out the provisions of this Agreement and Release, including but not limited to the execution of a stipulated dismissal pursuant to F.R.C.P. 41(a)(1), attaching this Settlement Agreement and Release as an exhibit thereto.

3.10 Except as provided for in paragraphs 1.5, no Party hereto intends to reserve any claim for relief, cause of action, claim or demand it has or may have against the other Party from the coverage of this Settlement Agreement and Release, including any possible claim for malicious prosecution, abuse of process, or other claims in connection with the Action. The fact that a particular type of claim is not expressly set forth herein is not intended to be nor shall it be construed to be an intent by any Party to reserve a claim against any person or entity in the Action or the acts or omissions of the Parties, their counsel, insurers, agents and representatives.

3.11 Rothman represents and warrants that he does not have any emails (including any documents attached to said emails), ~~which emails were~~ in his possession, custody or control ~~and~~ which emails were sent or received by any of the Plaintiffs herein (except for any such emails where Rothman was the sender or a listed recipient), and dated after August 4, 2006 to the present, other than those disclosed during this lawsuit. Even if there were such emails in Rothman's possession, custody, or control (which he denies), Rothman agrees that he cannot use them in any legal proceeding against any Plaintiff at any time.

3.12   All Parties represent and warrant that they will not file a frivolous suit or claim against any other Party, and furthermore, if there is a breach of this provision the prevailing Party shall be awarded reasonable attorneys fees in addition to any other remedy available at law.

## GENERAL

4.   General Provisions.

4.1   This Agreement and Release is the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. This Agreement and Release may not be amended orally in any way and may be amended only by an agreement in writing and signed by all Parties thereto. No provision of this Agreement and Release shall be modified or construed by any practice that is inconsistent with such provision, and failure by any Party to comply with any such provision or to require any other Party to comply with any provision shall not affect the rights of either to thereafter require the other Party to comply with that or any other provision.

4.2   Each Party has participated, cooperated or contributed to the drafting and preparation of this Agreement and Release. In any construction to be made of this Agreement and Release, the same shall not be construed for or against any Party, but shall be construed fairly according to its plain meaning.

4.3   This Agreement and Release may be executed in counterparts and when each Party has signed and delivered at least one signed counterpart, either an original or a true paper or electronic copy thereof, each such signed counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one agreement which shall be binding and effective as to all Parties thereto.

4.4     This Agreement and Release shall be effective on the last date signed by all Parties and if those signatures are on different dates, the effective date shall be the date upon which the last signatory signed the Agreement and Release and communicated it to all Parties.

4.5     Each Party has read this entire agreement consisting of nine (9) pages and understands the contents.

**I have read the foregoing Settlement Agreement and Release, and I understand its contents. I have reviewed the entire document with my attorney and, understanding its terms and conditions, agree to be so bound and to abide by it.**

<u>Signatures of the Parties:</u>

Dated: December 13, 2010     By _____
                              Plaintiff William R. Ramsey, In Pro Se

Dated: December 13, 2010     By _____
                              Plaintiff Cindy M. Hahn

Dated: December 13, 2010     By _____
                              Plaintiff Janell Henderson

Dated: December 13, 2010     By _____
                              Defendant Roland P. Rothman

Dated: December 13, 2010     By _____
                              Defendant Paula Lindhout, In Pro Se

<u>Approved as to form and content:</u>

Dated: December 13, 2010     TRABER & VOORHEES

                              By _____
                                 Theresa M. Traber
                              Attorneys for Defendant Roland P. Rothman

Dated: December 13, 2010         LAW OFFICES OF WILLIAM R. RAMSEY

By _____
William R. Ramsey
Attorney for Plaintiffs Cindy Hahn and
Janell Henderson